# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLLECTORS UNIVERSE, INC.,<br><br>　　　　　　　　　Plaintiff,<br>　vs.<br><br>DUANE C. BLAKE; DAVID GANZ; GANZ & HOLLINGER; MICHAEL A. CAPUANO; and CETRULO & CAPONE, LLP,<br><br>　　　　　　　　　Defendants. | CASE NO. 13-CV-3123-LAB-NLS<br><br>**ORDER REMANDING CASE TO ORANGE COUNTY SUPERIOR COURT** |

There is no doubt that this case, which was originally filed in Orange County Superior Court, was removed to the wrong district. The immediate question is whether to remand it or transfer it to the Central District of California. In a previous Order to Show Cause, the Court indicated a preference, consistent with the caselaw, for transfer. *See, e.g.*, *Soundview Commc'ns v. Lotus Mgmt., LLC*, 2013 WL 5954793 at *2 (N.D. Cal. Nov. 6, 2013). It also suggested that this case might be different, because not only did Defendants Ganz and Ganz & Hollinger remove to the wrong district, they ostensibly failed to represent that all Defendants consented to the removal.

The Court has read and considered Ganz and Ganz & Hollinger's response to the Order to Show Cause, their amended notice of removal, and Collectors Universe's reply. The Court sides with Collectors Universe here  The notice of removal filed by Ganz and

Ganz & Hollinger didn't contain the consent of the other Defendants, nor did it represent that their consent had been obtained. The law requires this. *See* 28 U.S.C. § 1446(b)(2)(A); *Bennett v. Chicago Title Ins., Co.*, 2013 WL 6795167 at *1 (W.D. Wash. Dec. 17, 2013). Moreover, Ganz and Ganz & Hollinger didn't explain, as it does now, that at the time of removal the other Defendants hadn't been joined or served, and that their consent was therefore not needed. Nor did they amend their notice of removal within thirty days to fill in this blank. This also renders their removal procedurally defective. *See Parking Concepts, Inc. v. RSUI Group, Inc.*, 2009 WL 2973118 at *2–3 (C.D. Cal. Sept. 11, 2009) (citing *Prize Frize, Inc. v. Matrix (U.S.) Inc.*, 167 F.3d 1261, 1266 (9th Cir. 1999)). It seems to be Ganz and & Ganz & Hollinger's position that if a party's consent to removal isn't required because it hasn't been served, the removing party doesn't need to say anything. That's not how the Court reads *Prize Frize*, which requires the removing party "to explain affirmatively the absence of any co-defendants in the notice for removal." *Prize Frize*, 167 F.3d at 1266.

The removal to this District may have been an honest mistake, and were that all, the Court would transfer this case to the Central District. But the additional defect of lacking unanimous consent to removal and failing to offer an explanation convinced the Court that remand is the proper course. This case is therefore **REMANDED** to Orange County Superior Court. Collectors Universe's request for costs and fees is **DENIED**.

**IT IS SO ORDERED**.

DATED: January 27, 2014

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge